MITCHINER v. WESTERN UNION TEL. CO.

1. EVIDENCE—WITNESS—CONTRADICTION.—Operator of telegraph company may be contradicted as to statement as to the delay of a message, and the cause thereof, and it is neither immaterial nor hearsay.

2. IBID.—Admission of question seeking statement of telegraph operator over wire after delivery of message to witness of the time telegram was received at particular point, witness not remembering the conversation, is harmless error.

3. IBID.—QUARANTINE.—When the question is as to the existence of a quarantine then actually enforced and not the authority therefor, a witness may state the fact.
4. NEGLIGENCE—BURDEN OF PROOF—PLEADINGS—DENIAL.—Under a general denial defendant may show that injury was caused alone by negligence of plaintiff, such defense is not an affirmative one, to be supported by the preponderance of the evidence, but burden remains with plaintiff to establish his case by preponderance of evidence.
5. NEW TRIAL granted because there was no evidence to show that any negligence of defendant was the proximate cause of plaintiff's mental anguish.

Before KLUGH, J., Abbeville, February term, 1904.   Reversed.

Action by D. R. Mitchiner against Western Union Telegraph Co.   From judgment for plaintiff, defendant appeals.

*Messrs. Geo. H. Fearons, Evans & Finley, Frank B. Gary* and *Wm. P. Green,* for appellant.   *Mr. Gary* cites: *Defense that injury was caused by negligence of plaintiff is not affirmative defense:* 59 S. C., 535; 51 S. C., 79; 21 Ency., 516; 17 Am. St. R., 598; 68 S. C., 318.

*Mr. Wm. N. Graydon,* contra, cites: *Improper transmission of telegram raises presumption of negligence:* 69 S. C., 545; 43 L. R. A., 214; 25 Ency., 1 ed., 831.   *Irrelevant questions not answered, no ground for new trial:* 50 S. C., 136.   *Contradiction of operator competent:* Green. on Ev., sec. 462; 35 S. C., 549; 34 S. C., 311; 58 S. C., 75.   *Evidence as to quarantine was competent to show its existence:* 43 S. C., 95; 4 Cranch., 309.

February 16, 1905.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The plaintiff brought action against defendant company for damages for mental anguish resulting from the alleged negligence and wantonness in failing to promptly deliver a telegram, and recovered judgment for $200, from which defendant now appeals.   The second,

third and sixth exceptions relate to the admissibility of testimony, and will be first considered.

The second exception is as follows: "Because his Honor erred in permitting, over defendant's objection, the plaintiff's attorney to ask the plaintiff the following question: 'I asked Miss Mathews when she was on the stand if she told you that morning at the time you all were discussing the matter, if she stated to you that morning the reason she did not get the message was the wires were not working properly and that she had sent to Greenwood for a man to fix them,' and in permitting the plaintiff to answer, 'Yes, sir, I went to Miss Matthews and she seemed to regret it very much, and said it would not only involve her, but the man who was in charge of the wires, and that she had tried to get him the day before to come up and fix them, but he had not come.' The said question and answer being in effect to contradict the witness upon an immaterial point, and was not proper evidence in reply; and on the further ground that the question and answer not being a part of the *res gestae,* was hearsay." The testimony was admissible to contradict Miss Matthews, who was defendant's operator at Abbeville, S. C., the foundation having been laid and the testimony relating to the material matter, the delay of the message and its cause. The ruling is supported by the case of *Mason* v. *R. R. Company,* 58 S. C., 75, 36 S. E., 440; 53 L. R. A., 913.

The third exception assigns error in allowing plaintiff's witness, Hill, to detail a conversation he had over the wires with the agent of defendant in Atlanta, after the delivery of the telegram. Plaintiff's counsel having advised the Court that he desired to prove by this witness that the agent in Atlanta admitted to him the time the message was received in Atlanta, allowed the question, but no harm to defendant resulted, as the witness did not remember the conversation.

The sixth exception alleges error in allowing the witness, Bell, to testify that the quarantine was of force in the town of Lumpkins, Ga., while plaintiff's wife was there, the statute or ordinance establishing the same being the best evidence. If he knew the fact that a quarantine was being enforced in his town, he could, of course, state that fact, the question being as to the existence of a quarantine which was being actually enforced, and not as to the authority under which it was enforced.

We next notice the fourth exception, which complains of error in charging the jury as follows: "The burden is on it (defendant) to establish it, that the injury was due to plaintiff's negligence by the preponderance of the evidence, and if it has established to your satisfaction that the plaintiff was negligent, and that it was due to his negligence solely, the injury, as a matter of course, he cannot recover." It is claimed that this charge was erroneous, "In that if plaintiff's negligence was the proximate cause of the injury, he should not have had a recovery, even though such negligence was not the sole cause of such injury. It is further submitted that, under the general denial, defendant was entitled to make proof of plaintiff's negligence in rebuttal of the testimony as to defendant's negligence, and that in order to prevent a recovery, it was not necessary to prove such negligence on the part of the defendant by the preponderance of the evidence, but it was sufficient if it evenly balanced the proof as to defendant's negligence." This exception must be sustained for this reason. The case of *Kennedy* v. *Southern Railway Company*, 59 S. C., 535, 38 S. E., 169, holds that in an action for damages from negligence, the defendant may, under a general denial, show that the injury was caused *alone* by the negligence of the plaintiff. Therefore, such a defense is not an affirmative defense to be supported by a preponderance of the evidence, as under such a defense the burden of proof remains with the plaintiff to establish his case by the

preponderance of the evidence. A similar ruling was made in *State* v. *McDaniel,* 68 S. C., 318, wherein defendant was indicted for murder, the Court holding that under a plea of "Not guilty," defendant could offer testimony that the killing was accidental, as such was not an affirmative defense, and that the charge shifting the burden of proof to the defendant was reversible error.

The first exception alleges error in refusing a nonsuit, and the fifth alleges error in not granting a new trial. When this Court considers whether there was error in refusing a nonsuit, it may take into consideration all the evidence submitted on both sides. As it is not error of law to refuse a nonsuit when there is any testimony tending to support plaintiff's case, and as it is not error of law to refuse a new trial if there is any evidence to support the verdict, the questions presented by these exceptions may be considered together.

After careful consideration, we think there was error in refusing a new trial. Plaintiff's wife and baby, living in Abbeville, S. C., were on the eve of visiting her brother, S. E. Bell, at Lumpkins, Ga. S. E. Bell, on April 2d, 1903, caused the following message to be delivered through another person, to defendant's agent at Richland, Ga., for transmission to plaintiff at Abbeville, S. C.: "Do not come to-morrow, smallpox at Lumpkins, will write." The sender of the message, Bell, was at Lumpkins, Ga., but the operator there being away, he telephoned the message to Mr. Humbert, at Richland, Ga., to the best of his recollection at 6.30 P. M. Humbert, however, was not the agent of defendant, and the only testimony as to the time of the delivery of the message to defendant's agent for transmission was at 7.35 o'clock, as shown by the testimony of the operator at Richland and by his entry on the message blank. This telegram reached the Abbeville office at 9.30 A. M., April 3d, and was delivered, according to plaintiff's testimony, at 10.20 A. M., and according to testimony of defendant's witness,

at 9.35 A. M.   The difference in the standards of time
prevailing at Richland, Ga., and Abbeville, S. C., was one
hour, and the office at Abbeville, under regulation, was closed
at 8.30 P. M.; so that if the message was delivered at Rich-
land, Ga., at 7.35 o'clock, it was too late for transmission
to the Abbeville office by 8.30 P. M., April 2d.    Between
Richland, Ga., and Abbeville, S. C., on the line employed,
there were two relay stations : one at Americus, Ga., and the
other at Atlanta, Ga.    The message was properly transmit-
ted from Richland to Americus ; but as the Abbeville office is
opened each day at 8 o'clock A. M., no explanation was
given why the message did not reach Abbeville until 9.30 A.
M., except the closing of the Abbeville office at 8.30 on April
2d.    In the meantime, plaintiff's wife and child left Abbe-
ville for Lumpkins on the 3.15 A. M. train, April 3d, reach-
ing Lumpkins that afternoon, where they were quarantined
on account of smallpox, and kept there several weeks at her
brother's home.    Finding that he could not do so without
charge, plaintiff, after receiving the message, made no
attempt to use the telegraph lines so as to stop his wife and
child before they reached Lumpkins.

The complaint alleges that, owing to the failure of the
defendant to promptly deliver said telegram, plaintiff's wife
and baby went to Lumpkins, Ga., were quarantined on ac-
count of said smallpox, were kept there for four or five
weeks, were constantly exposed to the danger of smallpox,
to his great mental anguish and distress.    It is manifest that
the failure to deliver the message at an earlier moment after
office hours on the morning of April 3d than the time it was
delivered, whether at 9.30 or 10.20, could not have been
the proximate cause of his mental suffering, as his wife and
child were already on their way to Lumpkins, and he made
no effort to stop them, so that what happened was the result
of their voluntary visit to Lumpkins.    So the delay, if any,
in delivering the message after it reached the Abbeville
office may be eliminated from the case, as in no sense was it

the cause of plaintiff's alleged injury. Then there was no evidence of negligence in not delivering the message on the night of April 2d, before plaintiff's wife took the train. As the message, according to the testimony, was not received by defendant at the Richland office until after the Abbeville office had closed, and there was no evidence that the closing of the office at such hour was unreasonable, it was not possible to infer negligence on the part of the defendant, unless it took the message on a contract to deliver in time to prevent plaintiff's wife and child from leaving Abbeville that night; but, although plaintiff alleged such a contract, there was not a particle of testimony to show such fact.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.