16184

KELLY v. DRIGGERS *ET AL.*

(51 S. E. (2d) 764)

*Messrs. C. R. Burbage* and *Morris D. Rosen,* of Charleston, *for Appellant,* Canal Insurance Company,

February 11, 1949.

STUKES, Justice.

Respondent brought this action for damages for the alleged wrongful death of her intestate. It was alleged in the complaint that the defendants, Aldridge and Roberts were engaged in business as a common carrier by taxicab, under the trade-name of Charleston Yellow Diamond Cab Company, and that the defendant Driggers was the driver of a taxicab which, negligently operated, inflicted injuries upon decedent which caused his death. It was further alleged that the insurance companies who were joined as defendants had each issued eight $5,000.00 policies of insurance to indemnify passengers and the public generally who should be injured by reason of the negligence of the Cab Company; copies of the policies were filed with the South Carolina Public Service Commission, and, quoting, "each of the policies aforementioned, under statutory endorsement of the State of South Carolina, covers every vehicle operated by the said carriers, whether specifically described in the policy or not. That as plaintiff is informed and believes, the total amount of liability insurance in force and effect at the times mentioned in this complaint and covering the liability of the defendants to the plaintiff herein amounts to $80,000.00". The

prayer of the complaint is for judgment against all of the defendants for $50,000.00 and costs.

The appellant Canal Insurance Company demurred to the complaint for alleged misjoinder of causes of action and it was specified that, quoting, "joinder is not permitted unless plaintiff limits her contractual cause of action against Canal Insurance Company to $5,000.00, the amount of the policy required by law to be carried on the public car which plaintiff alleges struck deceased"; and in another specification of the demurrer it is stated that $5,000.00 is the statutory limit of liability of Canal Insurance Company; and a further specification is that the eight alleged contracts of insurance of Canal Insurance Company constituted eight causes of action which cannot be joined.

Upon consideration of the demurrer the court concluded that in view of the necessity of taking the allegations of the complaint to be true, the demurrer should be overruled, and said: "Of course, this Court cannot tell at this time what the terms of the contracts between the parties may be;—or what the testimony of the witnesses may be;—or what matters may be offered in evidence by the parties upon the trial of the cause. When all of these matters are before the Court upon the trial of the case it is entirely possible that the whole picture may change. At that time motions to strike, or for non-suit as to some of the parties, or for directed verdicts, may be properly entertained."

From this order Canal Insurance Company appealed to this Court and has preserved the grounds of its demurrer by two exceptions, first that appellant can be liable for no more than $5,000.00 on its insurance contracts and it can be joined as a defendant only if its alleged liability does not exceed that amount which is its, quoting, "statutory limit of liability under the statutes of South Carolina and the contract or contracts"; and second, that there was error in permitting the joinder of appellant as a defendant on eight different contracts of insurance which constitute eight different causes of action which cannot be joined.

The second exception, just stated, is manifestly without merit. Causes of action in contract may be joined. Section 487, Code of 1942; *Ford v. New York Life Ins. Co.,* 176 S. C. 186, 180 S. E. 37. No question is made that there should have been separate statements of the allegedly separate causes of action.

The first exception, also stated in substance above, is untenable in its implied assertion that the liability of the insurer must be in the same amount as that of the motor carrier for joinder to be proper. The opposite was decided in *Daniel v. Tower Trucking Co.,* 203 S. C. 119, 26 S. E. (2d) 406, where the syllabus in point is: "Where extent of liability of insurance carrier was $5,000.00, damages alleged were $25,000.00, and trial court could easily instruct jury as to extent of insurer's liability, insurer was properly joined in action against motor carrier for death in automobile collision."

In the above summary of the first exception there is quoted the statement, in effect, that $5,000.00 is the statutory limit of liability of appellant. This is not established in the brief and we find in the statutes no such limit. On the contrary, Section 8511 of the Code requires of a motor carrier liability insurance on the vehicle or vehicles, quoting, "in such amount as the commission may determine".

Just as in *Piedmont Fire Insurance Company v. Burlington Truckers,* 205 S. C. 489, 32 S. E. (2d) 755, the insurance contracts were not before the court upon the consideration of the demurrer and, of course, are not before us. Any defense arising out of the terms of them or the endorsements should be set up by answer because they are not available on demurrer. The latter, for the purpose of the consideration of it, admits the truth of the allegations of the complaint which are sufficient in this case to sustain the stated cause.

The exceptions are overruled and the order affirmed.

BAKER, C.J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.