16570

BROWN v. QUINN

(68 S. E. (2d) 326)

*Mr. C. Yates Brown,* of Spartanburg, *for Appellant,*

*Mr. Claude R. Dunbar,* of Spartanburg, *for Respondents,*

December 5, 1951.

FISHBURNE, Justice.

This case arose out of a collision at a street intersection in the City of Spartanburg, between plaintiff's automobile driven by him, and defendant's automobile driven by defendant. The automobile of plaintiff at the time of the accident was being operated as a taxicab and was insured as required by an ordinance enacted by the City Council of Spartanburg.

Pursuant to notice and hearing thereon, the lower court passed an order making plaintiff's liability insurance carrier, Canal Insurance Company, and plaintiff's taxicab, a Ford automobile, parties defendant, from which order this appeal is taken. The order was made so that the defendant, Clyde Quinn, could file a counterclaim and cross complaint or cross action against the added defendants. The counterclaim and cross action are set forth in the record, as are the answer and reply thereto of Canal Insurance Company and plaintiff's Ford automobile.

The question raised by this appeal is whether an injured party defendant has a right to bring into the action as new parties, the automobile by which he allegedly was injured, and the carrier of insurance on such automobile, which was operated as a taxicab, and insured as required by law.

The right of joinder of insurer and insured under policies of compulsory indemnity or liability insurance, in actions by third persons, has been sustained by a long line of cases. *Scott v. Wells,* 214 S. C. 511, 53 S. E. (2d) 400; *Kelly v. Driggers,* 214 S. C. 237, 51 S. E. (2d) 764; *Thompson v. Bass,* 167 S. C. 345, 166 S. E. 346; *Benn v. Camel City Coach Co.,* 162 S. C. 44, 160 S. E. 135; *Piper v. American Fidelity & C. Co.,* 157 S. C. 106, 154 S. E. 106; Annotation, 96 A. L. R. 356.

Such joinder of parties is authorized, as pointed out in the above cited cases, by the Act of 1935, now constituting, by amendment, the last paragraph of Section 487 of the 1942 Code, where it is set forth: "In all cases where it is now or hereafter provided by law that an indemnity bond or insurance must be given by a principal for the performance of contract or as insurance against personal injury founded upon tort, the principal and his surety, whether on bond or insurance, may be joined in the same action and their liability shall be joint and concurrent."

It is not questioned by appellant, who is the original plaintiff in this action, that the defendant Quinn has a right to serve a counterclaim against him as was done here. Nor is it denied that the right of joinder of insurer and insured under a policy of compulsory liability insurance is proper and authorized in an action by a third person. For instance, it is admitted that if the defendant Quinn had instituted an action for damages against Isiah Brown and Canal Insurance Company as insurer, prior to the institution of the action against him by Brown, such procedure would not be questioned. It is also clear that the driver of an automobile, and the damage feasant motor vehicle, may be joined in the same action. *Raines v. Poston,* 208 S. C. 349, 38 S. E. (2d) 145.

The issue here is whether having been first sued by Brown, Quinn now has a right to bring in Brown's taxicab and liability insurer in a cross action, which is based upon the identical state of facts constituting the plaintiff's action.

As shown by the pleadings, the defendant Quinn's counter-claim and cross action are directly germane to, founded upon, and necessarily dependent on the subject matter of the original complaint. Decision of the issues thus raised, in our opinion, is essential to a full and complete determination of the action.

It is provided in Code Section 409 that the court may determine any controversy between the parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in.

As is pointed out in 39 Am. Jur., Sec. 89, Page 960, with reference to bringing in of new parties by a cross bill or cross complaint: "In several cases the right has been denied when an attempt thereby is made to bring in new issues or raise questions with respect to which all the original parties are not interested. Thus, it is said that since a cross complaint is generally not permissible unless it is connected with or dependent upon the subject matter of the orignial complaint, a new party cannot be brought in by cross complaint unless his presence is necessary to a complete determination of the plaintiff's action. However, the general rule seems to be that the 'controversy' referred to by provisions authorizing the bringing of parties when they are necessary to the complete determination of a controversy includes one presented by a cross complaint as well as that presented by the original complaint, and that in proper cases new parties may be brought in upon a cross complaint or cross bill. The introduction of new parties by cross petition may be permitted even though they are not necessary in the sense of being indispensable parties."

Generally, the practice statutes are liberally construed to authorize courts to bring before them all persons necessary to a complete determination of the matters involved and to the granting of appropriate relief to the end that substantial justice may be done. This obviously results

in avoiding and preventing circuity of action and multiplicity of suits. *Simon v. Strock*, 209 S. C. 134, 39 S. E. (2d) 209, 168 A. L. R. 596.

However, it is not the purpose of a cross action or a cross complaint to introduce new matters which are outside the original controversy. This is not permitted. The relief sought must in general relate to or depend upon the contract or transaction on which the action is brought. 41 Am. Jur., Sec. 259, Page 474.

It is provided in Code Section 489 that whenever a defendant in an action at law shall have a cause of action against a codefendant or codefendants therein, which arose from the same transaction, or acts, or negligence, or wrong set forth in plaintiff's complaint, such defendant is permitted to set forth such cause of action as a cross action against such codefendant demanding the relief to which he claims to be entitled. This Code section further provides that upon trial, all issues joined by the entire pleadings shall be determined before the same court and jury in the same manner as any other matter at law.

The procedure is further set forth in the last sentence of Code Section 489, where it is stated: "It shall be the duty of the presiding judge upon the trial of such actions to require the jury to write such verdict as determines the rights of the plaintiff on the summons and complaint, and to write such verdict as determines the right of a defendant who has brought a cross action against a codefendant or codefendants on the answer of such complaining defendant."

It must be borne in mind that as provided in Code Section 487, the principal and his surety may be joined in the same action, and their liability shall be joint and concurrent. And the bringing in of new parties as codefendants by the court is specifically authorized by Code Section 409, when a complete determination of the controversy cannot be had without the presence of such other parties.

Certainly the defendant, Quinn, cannot set up the matters alleged in his cross action and counterclaim until he has the proper parties brought in as codefendants upon whom he may serve his pleading. And unless this can be done there can be no complete determination of the controversy between the parties. If this right be denied, it invites a multiplicity of suits.

In our opinion, the lower court exercised a sound discretion in the issuance of its order bringing in as new parties and codefendants, the plaintiff's Ford automobile which was operated as a taxicab, and the compulsory liability insurer, Canal Insurance Company.

It is argued that if the insurer, Canal Insurance Company, be brought in as a party defendant, the plaintiff Isiah Brown will be placed at a disadvantage, resulting from prejudice, actual or supposed, of jurors against insurance companies. But as pointed out in *Bryant v. Blue Bird Cab Co.*, 202 S. C. 456, 25 S. E. (2d) 489, and *Benn v. Camel City Coach Co.*, 162 S. C. 44, 160 S. E. 135, such insurance is required of bus companies by statute (here by city ordinance), and the exclusion of knowledge of such insurance from the jury would be practically impossible. To the same effect see *Milliron v. Dittman*, 180 Cal. 443, 181 P. 779.

Here the statute, Section 487, provides that the insured and the insurer may be joined in the same action and their liability shall be joint and concurrent. And we see no sound reason, under the facts of this case, why the Ford automobile of plaintiff and the compulsory liability insurer cannot be joined as codefendants with the original defendant, Quinn, so that all relevant issues arising from the complaint,—the counterclaim and the cross action,—should not be decided .at one and the same time in the same trial.

Judgment affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.