17124

A. W. JOHNS and BELK'S DEPARTMENT STORE, Appellants, v.
ELMER CLYDE CASTLES, Respondent

(91 S. E. (2d) 721)

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, and *James M. Arthur* and *Mike Jolly,* of Union, *for Appellants,*

*W. G. Finley, Esq.,* of York, *for Respondent,*

February 27, 1956.

LEGGE, Justice.

Following a collision between a truck driven by the appellant Johns and an automobile driven by the respondent, Johns sued respondent for personal injuries and property damage which he alleged had resulted from respondent's negligent and reckless operation of the automobile. Respondent answered, denying negligence and recklessness and pleading contributory negligence and recklessness, and further, by way of counterclaim, that at the time of the collision Johns was in the employ of Belk's Department Store, a corporation, and acting within the scope of his employment and about the business of said corporation, and that by his negligent and reckless operation of the truck respondent had been injured in his person and property, because of which he prayed joinder of the corporation and judgment against it and him. Thereupon respondent moved, after notice to both appellants, for an order joining the corporation, and from the order granting the motion this appeal is taken. As stated by appellants, the single question involved is: May the defendant in a tort action interplead the plaintiff's alleged joint tort-feasor in a counterclaim?

One who has sustained injury as the result of joint or concurrent negligence may, at his election, proceed against one, or several, or all of the joint tort-feasors. 38 Am. Jur., Negligence, par. 257, page 946. Had respondent initiated the action, neither Johns nor the corporation could have complained of their joinder. In respect of the cause of

action set forth in his counterclaim, respondent was in the position of plaintiff, and we find no abuse of discretion on the part of the circuit judge in permitting him to join the corporation as alleged joint tort-feasor with the plaintiff Johns.

This view does not conflict with the rule laid down in *Little v. Robert G. Lassiter & Co.,* 156 S. C. 286, 153 S. E. 128, and reaffirmed in *Deas v. Rock Hill Printing & Finishing Co.,* 171 S. C. 58, 171 S. E. 20; *Simon v. Strock,* 209 S. C. 134, 39 S. E. (2d) 209, 168 A. L. R. 596, and *Doctor v. Robert Lee, Inc.,* 215 S. C. 332, 55 S. E. (2d) 68. In *Simon v. Strock, supra,* plaintiff sued for the alleged wrongful death of her intestate, a laborer in the employ of *Ballenger Paving Co.,* who had been struck and killed by a truck operated by the defendant Strock, a subcontractor of the paving company. After service upon him of the summons and complaint, Strock filed a petition alleging that not his truck, but one either of Ballenger Paving Co. or E. W. Gibson, had fatally injured the decedent; and thereupon he moved, *ex parte,* for an order making Ballenger Paving Co. and Gibson parties defendant " 'in order to properly adjudicate this matter and to save a multiplicity of suits.' " [209 S. C. 134, 39 S. E. (2d) 210.] In reversing the order granting that motion, this court said: "It is well established in this jurisdiction that one who is injured by the wrongful act of two or more joint tort-feasors has an election or option to sue each of such tort-feasors separately or to join them as parties defendant in a single action. Every person who joins in committing a tort is severally liable for it and cannot escape liability by showing that another person is liable also. The election or option referred to is given to the plaintiff and not to the defendant. To allow a defendant, against the consent of the plaintiff, to bring in other joint tort-feasors would be an interference with the well recognized right of the plaintiff."

The rule thus reaffirmed is, in substance, that he who asserts a cause of action arising out of a joint tort may, at his election, assert it against one or more or

all of the joint tort-feasors; but such election is his alone, and may not be exercised by the person or persons against whom he asserts it. If, therefore, he assert it against but one of the joint tort-feasors, that one will not be heard to demand the joinder of the others. Thus stated, it is apparent that the rule applies as well to a defendant asserting such a cause of action by way of counterclaim, as to the plaintiff himself. Such, in effect, was the holding in *Brown v. Quinn,* 220 S. C. 426, 68 S. E. (2d) 326, which arose out of a collision between plaintiff's taxicab and defendant's automobile. There we held proper the joinder, on defendant's motion, of the plaintiff's compulsory liability insurance carrier and his taxicab, so that the defendant might assert against such added parties as well as against the plaintiff a counterclaim for his damages arising out of the collision.

Affirmed.

STUKES, C. J., and TAYLOR and OXNER, JJ., concur.

Moss, J., disqualified.