17823

D. B. BRIDGES and American Guarantee and Liability Insurance Company, Appellants, v. WYANDOTTE WORSTED COMPANY and P. E. Collins Electric Company, Inc., Respondents.

(121 S. E. (2d) 300)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Respondent, Wyandotte Worsted Company,*

August 14, 1961.

LEGGE, Justice.

The plaintiff Bridges, a lineman in the employ of Collins Electric Company, was injured by electric shock while engaged, in the course of such employment, in making electrical installations at the manufacturing plant of the defendant Wyandotte Worsted Company. He brought action for dam-

ages against Wyandotte, alleging that his injuries had resulted from the negligent and reckless act of Wyandotte's master mechanic, in the course of his employment, in turning on the electric power at the plant and re-energizing the lines upon which plaintiff was working, from which the power had been cut off so as to enable him to work on them. Joined as co-plaintiff was American Guarantee and Liability Insurance Company, which, as workmen's compensation carrier of Collins Electric Company, had paid to Bridges the benefits to which he was entitled under the South Carolina Workmen's Compensation Law, Code 1952, § 72-1 *et seq.,* and was therefore subrogated to Bridges' claim against Wyandotte to the extent of such payments.

Wyandotte, pleading contributory negligence and other defensive matter, alleged in addition, by way of cross-complaint against Collins Electric Company: that for whatever liability it might have under the facts set forth in the complaint, Wyandotte was entitled to indemnity from Collins because Collins, in breach of its duty to Wyandotte to perform in a safe and workmanlike manner the work out of which the injuries complained of had arisen, had failed to take proper care for the safety of its employees, to properly instruct them as to safety precautions to be taken by them, and to properly warn them of the dangers attendant upon such work. Its pleading concluded with the prayer: (1) that the complaint be dismissed; and (2) that it have judgment against Collins for all sums that might be adjudged against Wyandotte in favor of the plaintiffs.

· Wyandotte thereupon moved to join Collins as a party defendant for the purposes of the cross-complaint. From the circuit court order granting that motion, plaintiffs appeal.

Collins was not a necessary party to the controversy between the plaintiffs and Wyandotte. Its joinder was neither sought nor granted upon that ground. The order under appeal clearly indicates that the able circuit judge viewed Collins as a "proper" party, whose joinder would not prejudice

the plaintiffs in their cause of action against Wyandotte. The motion was therefore addressed to his judicial discretion; and our review of his order must be concerned only with whether, in granting it, he erroneously exercised that discretion.

We preface our inquiry by repeating that the trial court's exercise of discretionary power, as well as its judgment as to matters more precisely defined in the law, is subject to appellate review; and that the term "abuse of discretion" as used in such cases has no opprobrious implication and means nothing more or less than that the ruling of the trial court was without reasonable factual support, resulted in prejudice to the rights of the appellant, and therefore, in the circumstances, amounted to error of law. *Norris v. Clinkscales*, 47 S. C. 488, 25 S. E. 797; *Barrett v. Broad River Power Co.*, 146 S. C. 85, 143 S. E. 650; *State v. Gregory*, 171 S. C. 535, 172 S. E. 692; *Poole v. Saxon Mills*, 192 S. C. 339, 6 S. E. (2d) 761; *Macauley v. Query*, 193 S. C. 1, 7 S. E. (2d) 519; *Page v. North Carolina Mutual Life Ins. Co.*, 207 S. C. 277, 35 S. E. (2d) 716; *Weinberg v. Weinberg*, 208 S. C. 157, 37 S. E. (2d) 507; *Gordon v. Rothberg*, 213 S. C. 492, 50 S. E. (2d) 202.

The complaint here charges Wyandotte, as sole tortfeasor, with having caused injury to the plaintiff Bridges through a negligent and reckless act of its employee. The joinder of Collins, though not placing Bridges in the position of charging his employer with negligence, and though allegedly based upon an implied contract of indemnity between Collins and Wyandotte, nevertheless is founded in reality upon charges of negligence against Collins and brings Collins into the case in the role of an alleged sole, or at least joint, tort-feasor responsible for Bridges' injury.

If indeed Bridges' injury was caused by negligence of Collins as well as Wyandotte, he had the right to bring his action against Wyandotte alone. *Little v. Robert G. Lassiter & Co.*, 156 S. C. 286, 153 S. E. 128;

*Simon v. Strock,* 209 S. C. 134, 39 S. E. (2d) 209, 168 A. L. R. 596; *Doctor v. Robert Lee, Inc.,* 215 S. C. 332, 55 S. E. (2d) 68. It is true that because Bridges' employment was under workmen's compensation he could not have sued Collins in tort either alone or jointly with Wyandotte; but that circumstance did not deprive him of his right to sue Wyandotte alone. The free exercise of that right would be unjustly hampered if, as he now complains, another alleged tort-feasor, cloaked by Wyandotte in the garb of violator of an implied contract, is brought into the case.

Plaintiffs' cause of action, as brought, hinges upon a single alleged tortious act. Upon the trial of that cause of action the issues will be simple: did Wyandotte's master mechanic turn electric power into the lines upon which Bridges was working; if so, was that act negligent or reckless in the circumstances, and was it done in the course and scope of the master mechanic's employment; did such act result in injury to Bridges; was Bridges guilty of contributory negligence; and (as contended in the third defense) is Bridges barred from recovering against Wyandotte because Wyandotte was operating under workmen's compensation and the work about which Collins and its employee Bridges were engaged was part of Wyandotte's trade, business and occupation?

Wyandotte would of course be entitled, under its general denial, to offer proof that Bridges' injury resulted solely from negligence of Collins or anyone other than Wyandotte. Cf. *Wilson v. Charleston & S. R. Co.,* 51 S. C. 79, 28 S. E. 91; *Mitchiner v. Western Union Tel. Co.,* 70 S. C. 522, 50 S. E. 190; *Dover v. Lockhart Mills,* 86 S. C. 229, 68 S. E. 525. But the joinder of Collins for the purpose of enabling Wyandotte to set up a contingent claim against it would inject into the trial, in addition, the following issues, which the plaintiffs have not raised or invited, and with which they are in nowise concerned: (1) did Bridges' injury result from the combined negligence of both Collins and Wyandotte; (2) was there an implied agreement between Collins and Wyan-

dotte by which Collins assumed responsibility to reimburse Wyandotte for the amount of the latter's liability to Bridges for injury sustained by him in the course of his work on the Wyandotte job resulting from Collins' failure to instruct or warn its employees as to danger involved in that work; and (3) if there was such an agreement, is Wyandotte entitled to recover under it if Bridges' injury resulted from negligence of both Collins and Wyandotte? The injection of these issues would, in our opinion, tend to distract the attention of the jury from those of the simple cause of action upon which the plaintiffs pitched their case, as they had the right to do.

It is no answer to the question before us to say that by this additional joinder Wyandotte may avoid a multiplicity of actions. The issue here is not whether Wyandotte's convenience would be served, but whether the plaintiffs would be prejudiced, by the joinder.

*Ryan Stevedoring Co. v. Pan Atlantic S. S. Corp.*, 350 U. S. 124, 76 S. Ct. 232, 100 L. Ed. 133, and *General Electric Co. v. Moretz*, 4 Cir., 270 F. (2d) 780, cited in the order under appeal, are not controlling of the issue before us. In each of those cases the plaintiff's employer was impleaded as a third-party defendant under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U. S. C. A. Neither was concerned with any issue of prejudice to the plaintiff by reason of such joinder.

The facts in *Miller & Barnhardt v. Gulf & Atlantic Ins. Co.*, 132 S. C. 78, 129 S. E. 131, and in *C. C. Pearce & Co. v. American Surety Co. of New York*, 173 S. C. 77, 174 S. E. 902, also cited in the order under appeal, readily differentiate those cases from the one at bar. Each of those cases was against the surety on a fidelity bond, the cause of action being based upon default of the person bonded. In the former, the defendant moved to join the county sheriff, who was the principal on its bond, and who also applied to intervene; the court's refusal of the motion, without reason therefor, was held error. In the latter, the defendant sought to join the de-

faulting employee, for whose shortage in his accounts the action had been brought, and who had not signed the bond but had given to the surety company a written agreement of indemnity against liability for his default. The circuit court refused the motion, and on appeal we reversed, declaring the case governed in principle by *Miller & Barnhardt v. Gulf & Atlantic Ins. Co., supra,* and pointing out that unless the employee were made a party he would not be bound by the result of the suit and the surety company might be compelled to make good an alleged shortage on his part that in reality might not have existed.

In two recent decisions this court has permitted joinder of additional parties over objection by the plaintiff for the purpose of defendant's cross-action and counterclaim. We mention them briefly by way of pointing out that the issues there involved bear no similarity to those in the matter before us. In *Brown v. Quinn,* 220 S. C. 426, 68 S. E. (2d) 326, the action was for damages resulting from collision between the plaintiff's taxicab and the defendant's automobile. We upheld the order of the circuit court granting defendant's motion to join the taxicab and the plaintiff's compulsory liability insurance carrier so that the defendant might assert a cross-action against them as well as his counterclaim against the plaintiff for damages arising out of the identical collision, which the defendant charged had been caused by the plaintiff's negligence. Plaintiff's argument that prejudice might result from the bringing in of the insurance company was rejected in view of the jury's presumed knowledge of the statutes and ordinances requiring insurance in such cases, permitting joinder of insured and insurer, and declaring their liability joint and concurrent. In *Johns v. Castles,* 229 S. C. 51, 91 S. E. (2d) 721, an action by a truck driver against a motorist for personal injuries and property damage resulting from collision between the truck and the defendant's automobile, we held proper the joinder of the plaintiff's employer for the purpose of the defendant's cross-action and counterclaim for injuries and damage sus-

tained by him as the result of the collision. In both of those cases the liability of the added defendant was based upon the alleged negligence of the plaintiff, for which, in *Brown v. Quinn,* the plaintiff's insurer was liable under an express contract required by statute, and, in *Johns v. Castles,* the plaintiff's employer under *respondeat superior.*

The issues between Wyandotte and Collins sought to be raised by the former's proposed cross-action should be settled between them in a separate action if occasion therefor should arise. Cf. *Deas v. Rock Hill Printing and Finishing Co.,* 171 S. C. 58, 171 S. E. 20. As to the merits of those issues we intimate no opinion, holding only that injection of them into the controversy between the plaintiff and Wyandotte would tend to prejudice the rights of the plaintiff in the trial of that controversy, and that the order permitting the joinder of Collins was therefore erroneous.

Reversed.

TAYLOR, C. J., and OXNER, MOSS and LEWIS, JJ., concur.