Linda KINARD, by her Guardian ad Litem, Marial Kinard, Plaintiff,

v.

**PET MILK COMPANY, Defendant.**

Civ. A. No. AC-1703.

United States District Court
E. D. South Carolina,
Aiken Division.

Oct. 20, 1965.

Sol Blatt, Jr., Blatt & Fales, Barnwell, S. C., for plaintiff.

J. Means McFadden, Robinson, McFadden & Moore, Columbia, S. C., Julian B. Salley, Jr., Henderson, Salley, Cushman & Summerall, Aiken, S. C., for defendant.

Nelson, Mullins, Grier & Scarborough, Columbia, S. C., for Blackville Mfg. Co.

SIMONS, District Judge.

Action was brought by minor plaintiff herein against defendant company for personal injuries sustained as result of a collision between 1963 Chevrolet Station Wagon being driven by plaintiff and 1961 Chevrolet panel truck being driven by agent of defendant while in course and scope of his employment. Plaintiff does not ask for property damages to the automobile in her complaint.

In its answer to plaintiff's complaint, defendant asserts counterclaim against plaintiff and Blackville Manufacturing Company for damages to its truck resulting from the aforesaid collision, alleging that at time of the accident Blackville Manufacturing Company was owner of the 1963 Chevrolet and plaintiff was acting as its agent and employee in the scope and course of her employment.

Defendant thereafter made motion to have this court direct that the said Blackville Manufacturing Company be served with the Summons and Complaint, Answer and Counterclaim, and be ordered to appear herein as a party-plaintiff pursuant to Rule 19 [b] of the Federal Rules of Civil Procedure.

Rule 19 [b] provides in part:

"[b] *Effect of Failure to Join.* When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and

venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action."

■ Rule 19 [b] applies to "necessary parties" as distinguished from "indispensable" parties. Necessary parties are parties who have an interest in a pending suit *and whose presence is necessary to afford complete relief between those already parties to the suit.* If the court finds that one is a necessary party in order to accord complete relief between those already parties to the suit, then such necessary party must be joined under the statute. However, it is within the court's discretion to determine if one is a necessary party to a suit,[1] and such discretion must take cognizance of the fact that compulsory joinder of parties is an exception to the usual practice which permits plaintiffs to decide who shall become parties to a law suit. The court must also consider in the exercise of its discretion the effect upon original parties to a suit of ordering additional persons or entities to be made parties plaintiff or defendant.[2]

■ In the case at bar the presence of Blackville Manufacturing Company, plaintiff's employer, is not required to afford complete relief between original plaintiff and defendant, and in fact may prove decidedly prejudicial to plaintiff if brought in as a party-plaintiff. Blackville Manufacturing Company is therefore not a necessary party to the suit within the meaning of Rule 19 [b].

Defendant cites Brown v. Quinn, 220 S.C. 426, 68 S.E.2d 326, and Johns v. Castles, 229 S.C. 51, 91 S.E.2d 721, in support of its motion to add Blackville Manufacturing Company as party-plaintiff herein. Defendant, in both cited cases, asserted a counterclaim against plaintiff for injuries allegedly received by defendant as a result of tortious acts of plaintiff and various allegedly third party joint tort feasors. Defendant thereafter, in both cases, made motion to join the said third parties as party-defendants to assert a cross-claim against them, also, for damages suffered by defendant in subject accidents.[3] The South Carolina Supreme Court permitted the joinder of the third parties in these cases as co-defendants with the original defendant in order that all issues arising from plaintiff's complaint and defendant's counterclaim could be settled in one action.

■ Defendant herein, however, seeks to join Blackville Manufacturing Company as a party-plaintiff, not as a party-defendant.[4] Even if the decisions of the State Court would allow Blackville Mfg. Co. to be joined as a party-plaintiff under facts in this case, I would not consider such decisions to be controlling in this court as the question is one of procedure and must be decided according to Federal not State law. It is, therefore,

Ordered that defendant's motion to bring in Blackville Manufacturing Company as party-plaintiff pursuant to Rule 19 [b] of the Federal Rules be, and it hereby is, denied.

1. General Tire and Rubber Company v. Watkins, 326 F.2d 926 [4th Cir. 1964].

2. See generally Barron & Holtzoff, Vol. 2, § 511.

3. See Bridges v. Wyandotte Worsted Company, 239 S.C. 43, 121 S.E.2d 300, in which holding in Quinn and Castles is explained.

4. It should be noted that Rule 13 of the Federal Rules of Civil Procedure provides a proper means for defendant herein to seek to join all additional parties required for the granting of complete relief in the determination of its counterclaim.