**FORD MOTOR CREDIT COMPANY,**
a corporation, Plaintiff,

v.

Anson M. BEARD, Defendant and
Third-Party Plaintiff,

v.

**FORD MOTOR COMPANY, Third-**
Party Defendant.

Civ. A. No. 67-257.

United States District Court
D. South Carolina,
Charleston Division.

Dec. 5, 1968.

Robinson, McFadden & Moore, Columbia, S. C., for plaintiff.

Joab M. Dowling, Beaufort, S. C., Ben Scott Whaley, Barnwell, Whaley, Stevenson & Patterson, W. H. Grimball, Grimball & Cabaniss, Charleston, S. C., for defendant.

## ORDER

SIMONS, District Judge.

Action was brought by Ford Motor Credit Company, a Michigan corporation, against Anson Beard, defendant, a citizen and resident of New York, on a "continuing guaranty" allegedly executed by him in South Carolina in favor of plaintiff.

In his Answer to plaintiff's Complaint, defendant asserts a claim arising out of the transaction, not only against plaintiff, but also against Ford Motor Company for damages allegedly resulting from his being fraudulently induced by the two Ford Companies to execute the aforesaid guaranty.

Defendant thereafter as third party plaintiff impleaded Ford Motor Company, also a Michigan corporation, as third party defendant, who by timely motion sought to have the Third Party Complaint dismissed.

At the conclusion of the argument on the aforesaid Motion, I suggested to counsel that Ford Motor Company might be impleaded as an involuntary plaintiff, under the applicable Federal Rules of Civil Procedure, in the event the Third Party Complaint should be dismissed. Helpful memoranda of authorities have been furnished me by counsel.

Rule 19(a) as revised provides as follows:

"Rule 19. Joinder of Persons Needed for Just Adjudication.

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) *in his absence complete relief cannot be accorded among those already parties*, (emphasis added) or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

■ The spirit of this rule, as indeed of all the Federal Rules of Civil Procedure, contemplates avoidance of circuity or mutiplicity of litigation. Thus Rule 19(a) affords to the court the discretion to permit the joining of additional parties, if complete relief is to be accorded between those already parties, where such additional parties, if brought into the litigation, are subject to the jurisdiction of the court both as to service of process and venue, and can be made parties without depriving the court of jurisdiction of the parties before it. However, it is within the Court's discretion to determine if one is a necessary party to a suit, General Tire & Rubber Co. v. Watkins, 326 F.2d 926 (4th Circuit 1964) and such discretion must take cognizance of the fact that compulsory joinder of parties is an exception to the usual practice which permits plaintiffs to decide who shall become parties to a law suit. The Court must also consider in the exercise of its discretion the effect upon original parties to a suit of ordering additional persons or entities to be made parties plaintiff or defendant. See generally Barron and Holtzoff Vol. 2, Sec. 511.

■ In the case at bar the counterclaim of Anson Beard against Ford Motor Credit Company is inextricably interwoven with and tied to his claim against Ford Motor Company. The gravamen of Beard's counterclaim to Ford Motor Credit Company's complaint is that the latter and Ford Motor Company conspired together to induce Beard to execute the "continuing guaranty" on certain inducements allegedly made by both companies to procure his signature which inducements Beard claims were made falsely, with intent to deceive him, and that he was in fact deceived, all to his damage as set out therein. On the basis of these allegations, Ford Motor Company should be joined as a necessary party for just adjudication, as provided for and within the meaning of Rule 19 (a). Furthermore, as appears from the third party proceedings filed herein, Ford Motor Company is within the jurisdiction of this Court, is subject to any service of process that may be issued pursuant to this Order, and it may be joined as a party without depriving the Court of jurisdiction over the subject matter of the action.

**526**

In reaching this conclusion, the South Carolina Supreme Court cases of Brown v. Quinn, 220 S.C. 426, 68 S.E.2d 326 and Johns v. Castle, 229 S.C. 51, 91 S.E. 2d 721 have been considered. Defendant in both of these cases asserted a counterclaim against plaintiff for injuries allegedly received by defendant as a result of tortious acts of plaintiff and various allegedly third party joint tort feasors. Defendant thereafter, in both cases, made a motion to join third parties as party defendants to assert a cross-claim against them for damages suffered by defendant in subject accidents. The South Carolina Supreme Court permitted the joinder of the third parties in these cases as codefendants with the original defendant in order that all issues arising from plaintiff's complaint and defendant's counterclaim could be settled in one action. See also Bridges v. Wyandotte Worsted Company, 239 S. C. 37, 43, 121 S.E.2d 300. However, I do not consider these decisions necessarily controlling in this court as the question is one of procedure and must be decided according to Federal not State law. Kinard v. Pet Milk Co., 38 F.R.D. 305 (D.C.S.C.). The Court concludes that Ford Motor Company should be impleaded in this action as a party needed for just adjudication of the controversy.

Further, Ford Motor Company (a Michigan corporation) should be aligned with plaintiff (also a Michigan corporation) since this court's jurisdiction based upon diversity of citizenship will not thereby be affected, as would be the case if Ford Motor Company were aligned with the defendant, Anson Beard. It is therefor

Ordered that Ford Motor Company be joined as a party defendant under the provisions of Rule 19 (a) of the Federal Rules supra, upon the condition that it be aligned with the plaintiff, Ford Motor Credit Company, a Michigan corporation, for the purposes of defendant's claim against it only. See Black v. Lon-

don Assurance Co. of London, Eng., 122 F.Supp. 330 (D.C.S.C.1954); Carter Oil Co. v. Wood, 30 F.Supp. 875 (D.C.E.D. Ill.1940). It is further

Ordered that Ford Motor Company be served by defendant, Anson Beard, with a Summons, the Answer and Counterclaim filed herein, and a certified copy of this Order; and further that the third party proceedings heretofore filed herein be dismissed. It is further

Ordered that Ford Motor Company have twenty days from the date of service upon it of the Summons and defendant's Answer and Counterclaim to serve a responsive pleading to defendant's Counterclaim, which as to Ford Motor Company will constitute a cross-claim.

And it is so ordered.