## 19611

Herbert KNOHL, Respondent, v. DUKE POWER COMPANY, Appellant.

(196 S. E. (2d) 115)

*Messrs. J. Pat Miley,* of Walhalla, and *Steve C. Griffith, Jr.,* of Charlotte, North Carolina, *for Appellant,*

G. *Ross Anderson, Esq.,* of *Anderson, Kenyon & Epps,* Anderson, *for Respondent,* 

*Messrs. J. Pat Miley,* of Walhalla, and *Steve C. Griffith, Jr.,* of Charlotte, North Carolina, *for Defendant-Appellant, in Reply.*

April 16, 1973.

LEWIS, Justice.

This appeal is from an order of the lower court granting an injunction, *pendente lite.*

Respondent owns a fifty-one (51) acre tract of land, located on the backwaters of Lake Keowee, in Oconee County, South Carolina. Lake Keowee is owned by appellant which has from time to time publicly announced, through display maps and diagrams, its intention to construct a nuclear power plant on the lake. Respondent's land is shown on the published maps as lying within the danger zone of the proposed plant. Respondent brought this action against appellant to recover damages and for injunctive relief alleging, in addition to the foregoing, that he has been unable to sell his property as a result of the publication, that his land will be within the radius of the proposed power plant and, in paragraph 5:

5. That as a result of the Defendant showing that the Plaintiff's property will be within the danger zone of the Defendant's future Nuclear Power Site, the Defendant has by its actions, effectively destroyed the value of the Plaintiff's land for residential purposes and such acts on the part

of the Defendant constitute a taking and condemnation of the Plaintiff's lands within the meaning of the Constitution of the State of South Carolina and the United States.

The complaint alleged, alternatively, in paragraph 7, that "in the event defendant (appellant) does not plan to utilize or construct a nuclear power plant within the danger radius of plaintiff's (respondent's) property," appellant should be restrained and enjoined from disseminating information showing that respondent's property will be affected by the proposed plant.

Pursuant to a Rule to Show Cause, a hearing was held and an injunction, *pendente lite,* was issued by the lower court, restraining appellant "from disseminating to the general public maps, photos and diagrams which show as its future nuclear power site and a danger zone radial around said future power site which encompasses the plaintiff's (respondent's) property." Appellant charges the lower court erred in issuing the temporary injunction because respondent has an adequate remedy at law.

Our decisions have set forth two essential conditions to the granting of a temporary injunction: "First, the complaint must allege facts which appear to be sufficient to constitute a cause of action for injunction; and, second, on the entire showing from both sides it must appear, in view of all the circumstances, that the injunction is reasonably necessary to protect the legal rights of the plaintiff pending the litigation." *Childs v. City of Columbia,* 87 S. C. 566, 70 S. E. 296. *Transcontinental Gas Pipe Line Corp. v. Porter,* 252 S. C. 478, 167 S. E. (2d) 313.

We have held that a complaint fails to state a cause of action for injunctive relief unless facts are alleged which show that the plaintiff has no adequate and complete remedy at law. *South Carolina Public Service Authority v. Carolina Power and Light Co.,* 244 S. C. 466, 137 S. E. (2d) 507.

In so far as this record shows, the temporary injunction was granted solely upon the allegations of the complaint.

These allegations are to the effect that the publication by appellant of a map showing his property within the danger zone of a proposed nuclear power plant has damaged his property and constituted a taking thereof within the meaning of the State and Federal Constitutions. Appellant does not deny the publication of the map showing the inclusion of respondent's property within the site of a proposed nuclear power plant. The right of appellant to acquire respondent's property for the purpose of constructing a power plant thereon is not questioned. Instead, respondent charges that his property has been, in effect, damaged or taken because of the projected construction of the plant and that he is entitled to compensation therefor.

The foregoing allegations of the complaint show that respondent has a plain and adequate legal remedy in an action at law for damages to his property, which he here asserts. *Moss v. South Carolina State Highway Department,* 223 S. C. 282, 75 S. E. (2d) 462. The lower court erred, therefore, in granting the temporary injunction.

An examination of the complaint shows that injunctive relief is not sought except "in the event defendant (appellant) does not plan to utilize or construct a nuclear power plant," etc. The primary relief sought is compensation for the taking or damaging of respondent's property. Whether or not respondent may be entitled to injunctive relief under the alternative allegations of the complaint is a question that can only be determined after a trial of the primary issues.

The order of the lower court granting a temporary injunction is accordingly reversed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.