20773

James CUTTINO, Jr., Respondent, v. Mrs. Carrie LENOIR, Appellant.
(247 S. E. (2d) 815)

G. *Werber Bryan* and *Joseph T. McElveen, Jr.,* of *Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter, *for appellant.*

448

*Ronald L. Motley,* of *Blatt, Fales, Bedingfield, Loadholt, Poole, Motley & Richardson,* Barnwell, *for respondent.*

October 3, 1978.

LEWIS, Chief Justice.

An *ex parte* order was issued on August 8, 1977 and served on appellant on August 12, 1977, directing her to "immediately deliver" to proper authorities any official documents pertaining to the investigation into the murder of Margaret "Peg" Cuttino. This order contained the following provision:

ORDERED that this order shall be complied with immediately but should any individual consider himself or herself aggrieved by this order, then he or she shall apply to me at 11 :00 a. m. o'clock on the 29th day of Aug. 1977, at Bishopville, S. C. at which time a date shall be set by me for such persons to show cause, if cause there be, why this order shall not remain in full force and effect. Otherwise, this order shall remain permanent and in full force and effect.

Appellant did not comply with the order of August 8 and a subsequent order was issued on August 16 requiring appellant to show cause on August 29, 1977 why she should not be held in contempt of court. She appeared on August 29, in response to the rule, without counsel, and challenged the validity of the *ex parte* order of August 8, which directed her to "immediately deliver" the documents in question. The challenge to the August 8 order was upon the ground that the court was without jurisdiction to issue it because appellant had not been given her day in court, or opportunity to be heard.

It is undisputed that the order of August 8 was issued *ex parte,* without notice to appellant or the opportunity to be heard. The order amounted to an *ex parte* personal judgment against appellant and was, therefore, a nullity.

It is contended, however, that the above quoted provision of the order of August 8 and the contempt hearing held pur-

suant to the order of August 12 "met the minimum requirements of due process," since the trial judge granted appellant "a hearing prior to issuing a final order." The record does not support this conclusion.

The only hearing granted appellant was to determine whether she was guilty of contempt for violating the order of August 8. In fact, the quoted provisions of the order of August 8 did not grant the right of a hearing to determine whether the direction to "immediately deliver" the documents was proper. The direction to "immediately deliver" had to be complied within any event; only the after the fact question was left open as to whether any person had been aggrieved by the "immediate delivery."

Additionally, the record shows that appellant was not granted a hearing to determine the propriety of the "immediate delivery" order. In fact, the trial judge stated to appellant: "Today is a hearing on your contempt not to give them [documents] over."

The *ex parte* order of August 8 was a nullity and the finding of contempt for its violation must be set aside.

The judgment is accordingly reversed and the case remanded to the lower court to allow appellant a hearing on the propriety of the relief granted in the August 8 order.

The documents in question have been heretofore delivered into the possession of this Court and, of course, would be retained pending final disposition of the cause.

RHODES and GREGORY, JJ., concur.

NESS and LITTLEJOHN, JJ., dissent.

NESS, Justice (dissenting):

I dissent. While I do not sanction the granting of *ex parte* orders, I believe the trial judge satisfied the minimum requirements of due process when he granted Mrs. Lenoir a hearing prior to issuing a final order.

Respondent Cuttino commenced this action seeking relief from the unusual behavior of appellant Lenoir. Mrs. Lenoir

posessed certain documents and pathology reports concerning Mr. Cuttino's deceased daughter and persisted in exhibiting these materials to the public.

By *ex parte* order issued August 8, 1977, Mrs. Lenoir was directed to deliver to proper authorities photographs of the body of Margaret Cuttino, and autopsy and pathology reports pertaining to the child's body. The order, summons and petition, and affidavit attachments were served on Mrs. Lenoir on August 12, 1977. Although she admitted having the documents in her possession, appellant refused to comply with the order.

The trial judge issued a subsequent order on August 16, 1977, requiring Mrs. Lenoir to appear before him on August 29, 1977, to show cause why she should not be held in contempt of court. Lenoir appeared at the designated time and place and made an oral presentation to the court. The trial judge concluded appellant failed to justify her refusal to comply with the earlier order, and held her in contempt of court. It was stipulated she might purge herself of the contempt by complying with the court's order to surrender the documents and photographs.

The majority opinion holds the trial court's August 8, 1977 order was void for want of jurisdiction. I disagree.

As emphasized in *Webster v. Clanton,* 259 S. C. 387, 192 S. E. (2d) 214 (1972), this Court is committed to ensuring due process to all parties concerned with the *final* adjudication. The *ex parte* order issued against Mrs. Lenoir was a temporary injunction; no *final* adjudication of the matter was made until appellant had an opportunity to be heard before the trial judge. While I disapprove of *ex parte* orders in general, absent a clear exigency, a circuit judge is permitted to issue temporary injunctions *ex parte*. See Code Section 15-55-20 (1976) ; *Andrews v. Sumter Commercial & Real Estate Company,* 87 S. C. 301, 69 S. E. 604 (1910) ; *Ex parte Jones,* 160 S. C. 63, 158 S. E. 134 (1931).

Appellant next argues the facts do not support the injunctive relief granted in the initial order. I disagree.

The granting of a temporary injunction is within the trial judge's discretion. See *Lyles v. Williams*, 96 S. C. 290, 80 S. E. 470 (1913); *Powell v. Immanuel Baptist Church*, 261 S. C. 219, 199 S. E. (2d) 60 (1973). Mr. Cuttino offered six affidavits which evidenced the offensiveness of appellant's actions. (Tr. 10-20). The irreparable harm suffered by the family of the little girl by the callous display of the documents is beyond question. I believe Mr. Cuttino made out a *prima facie* showing of entitlement to preventive relief. *Metcalf v. Huntley-Richardson Lumber Co.*, 170 S. C. 226, 170 S. E. 162 (1933); *Epps v. Bryant et al.*, 219 S. C. 307, 65 S. E. (2d) 112 (1951); *Transcontinental Gas Pipe Line Corp. v. Porter et al.*, 252 S. C. 478, 167 S. E. (2d) 313 (1969).

Finally, appellant asserts she should not have been held in contempt of court for noncompliance with the August 8, 1977 order because that order was a nullity. I would hold that the *ex parte* order was valid; hence, this exception has no merit. Courts clearly have the power to hold persons in contempt who refuse to obey judicial orders. Code Section 15-35-180 (1976).

I would affirm.

LITTLEJOHN, J., concurs.