20817

VAN ROBINSON INSURANCE AGENCY, INC., Appellant, v. HARLEYSVILLE MUTUAL INSURANCE COMPANY, Respondent.

(249 S. E. (2d) 744)

*Altman & Fuller,* Charleston, *for appellant.*

*Sinkler, Gibbs & Simons,* Charleston, *for respondent.*

November 27, 1978.

LEWIS, Chief Justice:

Appellant is engaged in the sale of property, casualty and life insurance as an independent agent for several insurance companies licensed to do business in South Carolina, including the respondent, with whom it entered into an agency agreement on July 26, 1974. The agreement between appellant and respondent was entered into subsequent to the enactment of the Automobile Reparation Act of 1974 (Act No. 1177 of the 1974 Acts of the General Assembly, codified as Section 38-37-10 *et seq.* of the 1976 Code of Laws). On March 3, 1976, respondent notified appellant of cancellation of the agency agreement between them; and appellant thereafter instituted this action for an injunction restraining respondent from cancelling the contract. The lower court denied appellant's request for a permanent injunction and this appeal followed.

Our recent decision in *G-H Insurance Agency, Inc. v. The Travelers Insurance Companies,* 270 S. C. 147, 241 S. E. (2d) 534 filed January 19, 1978, is conclusive of the issues in this case. We held in *G-H* that an agent had a private action for damages sustained by reason of the wrongful cancellation of an agency agreement in violation of the applicable provisions of Act 1177, *supra.*

Respondent's argument, that *G-H* applies only to contracts enacted prior to July 9, 1974, the effective date of Act 1177, has no support in the statute or our prior opinion. Act 1177 draws no distinction, either expressly or by inference, between agents contracting *before or after its* enactment. Moreover, respondent contracted with full knowledge of the statutory provisions here involved.

This action at law for damages affords appellant the full relief to which it is entitled. Since appellant possesses an adequate remedy at law, equity will not

intervene. *Monteith v. Harby,* 190 S. C. 453, 3 S. E. (2d) 250; *Knohl v. Duke Power Company,* 260 S. C. 374, 196 S. E. (2d) 115. As noted in 42 Am. Jur. (2d), Injunction, Section 39:

The applicable rule, reaffirmed in almost every case dealing with the matter, is that *in the absence of some positive provision of the law to the contrary,* an injunction will not be granted in cases where there is a choice between the ordinary processes of law and the extraordinary remedy by injunction, and where the remedy at law is sufficient to furnish the injured party the full relief to which he is entitled in the circumstances. (Emphasis added).

Appellant's argument, that it need not demonstrate ■ a lack of an adequate remedy at law since a clear violation of a statutory prohibition is present, is without merit. We find no language in the statute, nor has any been called to our attention, which authorizes an injunction or mandates a positive duty upon the court to grant such relief. Absent such language, the present statute affords no basis for injunctive relief.

Appellant's further contention that "the difficulty in ■ ascertaining future damages" affords a basis for injunctive relief is also without merit. Clearly, appellant's damages would be in the nature of lost profits and, if established, may be recovered. *Charles v. Texas Company,* 199 S. C. 156, 18 S. E. (2d) 719. The difficulty in proving this type of damage is not sufficient basis to transform an action at law into one in equity.

The decision on the foregoing issues eliminates the necessity for consideration of other questions argued.

For the foregoing reasons, the judgment is affimed.

RHODES and GREGORY, JJ., concur.

LITTLEJOHN and NESS, JJ., concur in result.

LITTLEJOHN and NESS, Justices (concurring):
We concur in the result of the opinion but submit the constitutions require a distinction between contracts entered

130

into *before* the effective dates of Act 1177 and those agreed to *after* the effective date.

Our view is further developed in our dissent filed in *Rowell v. Harleysville Mutual Ins. Co.*