## 21081

Ex parte Kenneth W. Thornton, Jr.
In re Kenneth W. THORNTON, Jr., Respondent, v. Alex ALFORD, Appellant.

(260 S. E. (2d) 179)

*Rosen & Rosen,* Georgetown, *for appellant.*

*Kenneth W. Thornton, Jr.,* Georgetown *pro se.*

November 7, 1979.

NESS, Justice:

This appeal is from an order adjudging appellant Alford in contempt for violating a temporary injunction procured *ex parte* by respondent Thornton. Believing the lower court's action was replete with error, we reverse.

Respondent asserted appellant violated § 7-25-120, Code of Laws of South Carolina (1976), by impersonating voters and voting in their behalf in the 1978 Georgetown County Democratic Primary. On the basis of a petition setting forth only this fact, respondent procured an *ex parte* order restraining appellant from participating in the election in any way other than casting his own ballot.

The petition and order were served on appellant the day before the run-off election. Nevertheless, he appeared at a number of polling places in the county. This was found to be a technical violation of the order and appellant was held in contempt.

Before even a temporary injunction may be issued, two essential conditions must be met, one being the moving party must allege facts appearing to be sufficient to constitute a cause of action for injunctive relief. *Childs v. City of Columbia,* 87 S. C. 566, 568, 70 S. E. 296

(1911), quoted in *Knohl v. Duke Power Co.*, 260 S. C. 374, 196 S. E. (2d) 115 (1973); *Columbia Broadcasting System, Inc. v. Custom Recording Co., Inc., et al.*, 258 S. C. 465, 189 S. E. (2d) 305, *cert. den.*, 409 U. S. 1007, 93 S. Ct. 437, 34 L. Ed. (2d) 300 (1972); *Transcontinental Gas Pipe Line Corp. v. Porter*, 252 S. C. 478, 167 S. E. (2d) 313 (1969). Respondent failed to allege *any* facts or make a *prima facie* showing the conduct sought to be enjoined threatened irreparable injury for which he had no adequate remedy at law, elements essential to a cause of action for injunctive relief. *S. C. Public Service Authority v. Carolina Power & Light Company*, 244 S. C. 466, 137 S. E. (2d) 507 (1964); *Greenwood County v. Shay*, 202 S. C. 16, 23 S. E. (2d) 825 (1943).

Moreover, the order restraining appellant was issued ■ *ex parte* without notice or opportunity to be heard. "We have stated repeatedly the *ex parte* orders are reserved for those rare occasions where no adverse interest exists or where exigent circumstances dictate that action be taken prematurely." *Herring v. Credit Bureau of Columbia, S. C.*, 252 S. E. (2d) 123 (1979). *See also Cuttino v. Lenoir*, 271 S. C. 447, 247 S. E. (2d) 815 (1978). Here appellant had an interest adverse to the issuance of the injunction and there were no circumstances so exigent as to require denying him notice or an opportunity to be heard.

Finally, no summons or rule to show cause accompanied the order. As a result, the Court lacked jurisdiction over appellant. *Lee v. Storfer, et al.*, 159 S. C. 70, 156 S. E. 177 (1930); § 15-9-10, Code of Laws of South Carolina (1976). *See also Ex parte Jones*, 160 S. C. 63, 158 S. E. 134 (1931); *Jordan v. Wilson*, 69 S. C. 256, 48 S. E. 224 (1904); 61 Am. Jur. (2d) § 349, p. 750.

Disobedience of an order issued without jurisdiction ■ is not contempt. *State ex rel. McLeod v. Holcomb*, 245 S. C. 63, 138 S. E. (2d) 707 (1964); *Long v. McMillan*, 226 S. C. 598, 86 S. E. (2d) 477 (1955). The

order appealed from must, therefore, be reversed and the issuing court admonished for its failure to observe the barest rudiments of substantive or procedural law.

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.