## 21261

INSURANCE FINANCIAL SERVICES, INC., Appellant, v. The SOUTH CAROLINA INSURANCE COMPANY, Respondent, v. The TRAVELERS INSURANCE COMPANY, Main Insurance Company, Gerald R. Callahan, and Edward J. Harrington, Appellants.

(268 S. E. (2d) 113)

*David M. Ratchford, Donald E. Jonas,* and *Charles F. Cooper, II,* of *Ratchford, Cooper & Jonas,* and *Clinch Heyward Belser* and *Charles E. Baker,* of *Belser, Baker, Barwick & Toal,* Columbia, *for appellants.*

. *David W. Robinson, II* of *Robinson, McFadden, Moore & Pope,* Columbia, *for respondent.*

July 9, 1980.

LEWIS, Chief Justice:

Background decisions to the present litigation are found in *G-H Insurance Agency, Inc. v. The Travelers Insurance Companies,* 270 S. C. 147, 241 S. E. (2d) 534 and *Van Robinson Insurance Agency v. Harleysville Mutual Insurance Agency,* 272 S. C. 127, 249 S. E. (2d) 744.

As a result of the foregoing decisions, and subsequent rulings of the lower court, plaintiff-appellant Insurance Financial Services, Inc. (IFS), served a second amended complaint in this action against respondent, The South Carolina Insurance Company (South Carolina). Upon the service of the second amended complaint, South Carolina, by petition, sought an order making appellants, The Travelers Insurance Company (Travelers), Main Insurance Company (Main),

Gerald R. Callahan, and Edward J. Harrington party defendants to the action in order to permit South Carolina to assert a cross complaint against them. It was claimed that a complete determination of the controversy could not be had without their presence as parties to the litigation within the meaning of Section 15-5-200, South Carolina Code of Laws 1976. The proposed cross-claim was set forth in an amended answer, counterclaim, and cross complaint attached to the petition to join additional parties.

The lower court granted the petition to add the parties named; and IFS (plaintiff) and the third party defendants have appealed.

Code Section 15-5-200, under which the addition of parties was sought by South Carolina and granted by the lower court, provides in pertinent part:

The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. But when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in.

In *Brown v. Quinn,* 220 S. C. 426, 68 S. E. (2d) 326, the general rule was stated that the statutes must be liberally construed to authorize the courts to bring before them all persons necessary to complete determination of the matters involved in order to avoid circuity of action and multiplicity of suits. It was pointed out however that

. . . it is not the purpose of a cross action or a cross complaint to introduce new matters which are outside the original controversy. This is not permitted. The relief sought must in general relate to or depend upon the contract or transaction on which the action is brought.

This action was originally instituted against South Carolina and Travelers and sought injunctive relief in addition

to damages. The complaint was based on the alleged wrong-ful termination of the agency contracts of IFS with South Carolina and Travelers in violation of provisions of Act 1177 of the 1974 Acts of the General Assembly (now codified as 38-37-10 *et seq.,* 1976 Code of Laws). The request of IFS for a temporary injunction restraining the cancellation of the agency contracts was granted and a demurrer of South Carolina and Travelers was granted for misjoinder of causes of action. IFS was permitted to amend its pleadings to allege separate causes of action in separate complaints against South Carolina and Travelers.

IFS thereafter filed an amended complaint against South Carolina seeking the same relief as previously sought in the action against it and Travelers. The temporary injunctive relief, previously granted, we continued in effect. As the result of the decisions of this Court in *G-H Insurance Agency,* and *Van Robinson Insurance Agency,* both *supra,* the latter holding that injunctive relief was not available in actions brought pursuant to Act 1177, the motion of IFS to amend its amended complaint was granted.

The second amended complaint alleges that it is an independant insurance agency and held an agency contract with South Carolina. It was further alleged that prior to the passage of Act 1177 IFS had a high volume of "non-standard" insurance risks, most of whom were with Travelers and that, in July 1975, IFS was negotiating with Travelers for a possible cancellation of their agency contract; that, on July 18, 1975, South Carolina notified IFS that their agency contract would be terminated effective August 18, 1975; and that, six days later, IFS cancelled its agency contract with Travelers. The complaint then alleges that the cancellation by South Carolina of its agency contract with IFS was in violation of Code Section 38-37-940, which makes it unlawful to cancel an agency contract because of the volume of business it placed with a company

South Carolina alleged in its Answer, Counterclaim and Cross Complaint that it terminated the agency agreement with IFS because IFS had failed to remit premiums due. It is further alleged that shortly thereafter Travelers attempted to terminate its agency contract with IFS and, in effecing such termination, Travelers and the principal officers and stockholders of IFS (respondents Callahan and Harrington) fraudulently conspired to enter into an agreement in violation of Code Sections 38-37-310 and 38-37-920 *et seq.* whereby Travelers paid IFS approximately $100,000-.00 in exchange for which IFS and respondents Callahan and Harrington agreed to terminate the agency contract with Travelers, to cease placing automobile liability insurance business with Travelers and to place that insurance business with South Carolina and others; that thereafter IFS agreed to dismiss the suit and injunction against Travelers and commenced to place with South Carolina an extremely large volume of the non-standard automobile liability insurance business formerly placed with Travelers, which South Carolina was required to write under the temporary injunction still in effect against it. It was also alleged that, in order to continue the temporary injunction in effect, IFS and respondent Main posted a fraudulent and unauthorized corporate injunction bond.

Initially, we consider the appropriateness of South Carolina's counterclaim against IFS.

> The complaint of IFS [alleges and] calls into question the subject matter of its agency contracts with South Carolina as well as its agency contracts with Travelers. The basis of South Carolina's counterclaim also arises from its agency contract with IFS and the agency contract between IFS and Travelers. It is therefore clear that this subsequent action by South Carolina arises out of the same state of facts constituting the cause of action of IFS. The counterclaim is merely a different version of the transactions which are the subject of the plaintiff's cause of action.

Accordingly, the counterclaim against IFS is proper. See *Griffin v. Scott,* 203 S. C. 430, 27 S. E. (2d) 570.

Having concluded the counterclaim of South Carolina proper, we next focus on the bringing in of additional parties in order that South Carolina may pursue its cross complaint.

We have consistently applied the rule that one who asserts a cause of action arising out of a joint tort may, at his election, assert it against one or more or all of the joint tort-feasors. In *Johns v. Castles,* 229 S. C. 51, 91 S. E. (2d) 721, we held:

. . ., it is apparent that the rule applies as well to a defendant asserting such a cause of action by way of counterclaim, as to the plaintiff himself.

The application of the rule is sound because had South Carolina initiated this action, none of the appellants herein could have complained of their joinder.

Therefore, we affirm the action of the trial judge in the joinder of the additional parties, since South Carolina was in the position of a plaintiff by virtue of its counterclaim.

Affirmed.

LITTLEJOHN, NESS and GREGORY, JJ., and WALTER T. COX, JR., Acting Associate Justice, concur.