22129

INSURANCE FINANCIAL SERVICES, INC., Respondent, v. The SOUTH CAROLINA INSURANCE COMPANY, Appellant.

318 S. E. (2d) 10

Supreme Court

*Charles H. Gibbs* and *John P. Linton*, of *Sinkler, Gibbs & Simons*, Charleston, *David W. Robinson, II*, of *Robinson, McFadden, Moore, Pope & Stubbs*, and *Lanville H. Mengedoht* and *Bernard Manning*, Columbia, *for appellant.*

*David M. Ratchford* and *Charles F. Cooper, II*, of *Ratchford & Cooper*, Columbia, *for respondent.*

June 8, 1984.

LITTLEJOHN, Justice:

Plaintiff-Respondent, Insurance Financial Services, Inc., a local real estate agency, brings this action against the Defendant-Appellant, South Carolina Insurance Company, alleging the wrongful cancellation of an agency contract in violation of the South Carolina Code. The issues were tried by a jury resulting in a verdict of $100,000 actual damages plus $550,000 punitive damages. The Insurance Company has appealed, alleging several grounds entitling it to either judgment notwithstanding the verdict or a new trial. We reverse.

The Agency, which sells automobile liability insurance, and the Insurance Company entered into a contract on February 14, 1972. This contract authorized the Agency to sell policies of insurance on behalf of the Insurance Company. The contract provided that the agreement " ... may be terminated by either party at any time upon written notice to the other."

In 1974, the General Assembly of South Carolina enacted Act 1177, now codified as Section 38-37-10 et seq. of the South Carolina Code. It eliminated the distinction between insureds and made it illegal to discriminate in rates, except as provided by the Insurance Commissioner, thus requiring automobile insurers, including the Insurance Company, to establish a uniform rate structure. In an effort to prevent insurers from canceling contracts with local agents, the General Assembly included Section 38-37-940(2) which states:

> No insurer of automobile insurance shall cancel its representation by an agent primarily because of the volume of automobile insurance placed with it by the agent on account of the statutory mandate of coverage nor because

of the amount of the agent's automobile insurance business which the insurer has deemed it necessary to reinsure in the Facility.

In *G-H Insurance Agency, Inc. v. The Travelers Insurance Company*, 270 S. C. 147, 241 S. E. (2d) 534 (1978), this Court held, in a three to two decision, that the statute created a cause of action in favor of a local agent against an insurance company which cancelled a contract contrary to the provision quoted above.

Thereafter, this Court held, by another three to two decision, in *Rowell v. Harleysville Mutual Insurance Company*, 272 S. C. 108, 250 S. E. (2d) 111 (1978), that the statute applied to contracts entered into before the effective date of the act, which was July 9, 1974.

Both *Rowell* and the case now before us involved contracts with cancellation privileges reserved; both contracts were entered into before the statute was enacted. Here, the Insurance Company notified the Agency of termination on July 18, 1975, effective August 18, 1975.

In *Garris v. Hanover*, 630 F. (2d) 1001 (1980), the Fourth United States Circuit Court of Appeals held the statute violative of the contract clause of the federal constitution. *See also United States Trust Company v. New Jersey*, 431 U. S. 1, 97 S.Ct. 1505, 52 L.Ed. (2d) 92 (1978), and *Allied Structural Steel Company v. Spannaus, et al.*, 438 U. S. 234, 98 S.Ct. 2716, 57 L.Ed.(2d) 727 (1978). The Fourth Circuit refused to apply the statute to a contract entered into before July 9, 1974. Although this Court is not bound by the rulings of the Circuit Court of Appeals, we agreed with its ruling in *Garris* and adopted its reasoning in *G-H Insurance Agency, Inc. v. Continental Insurance Company*, 278 S. C. 241, 294 S. E. (2d) 336. (1983). Therein, we overruled *Rowell* stating:

> ... that no cause of action involving a contract entered. into before the effective date of the Act [July 9, 1974] may be predicated upon the holding of this court in the case of *G-H Insurance Agency, Inc. v. Travelers Insurance Company*. ...

We hold that the contract sued on in this action was protected by article I, section 4 of the Constitution of South

Carolina and article I, section 10 of the Constitution of the United States. These two sections read in part as follows:

*South Carolina Constitution, Article I:* § 4. No ... law impairing the obligation of contracts, ... shall be passed,.... *United States Constitution, Article I:* § 10. No state shall... pass any... law impairing the obligation of contracts,....

The Insurance Company has filed several exceptions. We need discuss but one. We agree with its contention that the whole verdict is a result of passion, prejudice and caprice. Punitive damages are permitted to punish one for wickedness, malice, recklessness or intentional wrongdoing. It is evident, to the exclusion of all other reasonable inferences, that the Insurance Company when it terminated the contract in July, 1975, was merely exercising a constitutionally protected right which it had reserved to itself in the contract which was agreed to by the Agency. The Company had every reason to believe the contracts entered into before July 9, 1974, could not be altered by statutory law. Both the federal court in *Garris* and this Court in *G-H Insurance Agency, Inc. v. Continental* have so held.

The verdict of the jury is accordingly vacated. It would serve no purpose to remand, to allow amended pleadings and for a new trial. The Insurance Company is entitled to prevail as a matter of law and should not be further burdened with this litigation.

The appeal is dismissed and the appeal is remanded for the purpose of entering judgment in favor of South Carolina Insurance Company.

Reversed.

NESS and HARWELL, JJ., concur.

LEWIS, Chief Justice (dissenting):

Since, in my opinion, the judgment should be affirmed, I dissent.

In a prior appeal in this case, this Court held that a cause of action existed for violation of Section 38-37-940, South Carolina Code of Laws, 1976. 275 S. C. 155, 268 S. E. (2d) 113. This

holding is the law of the case and appellant is, under settled law, foreclosed from rearguing an issue previously decided.

I find no trial errors and agree with the trial jury that the record amply sustains the award of both actual and punitive damages.

I would affirm the judgment and, therefore, dissent.

GREGORY, Justice (dissenting and concurring):

I agree with Chief Justice Lewis that this Court held in a prior appeal in this case a cause of action exists for violation of S. C. Code Ann. § 38-37-940 (1976). Thus, appellant is foreclosed from rearguing that issue.

I would affirm the award of actual damages; however, I find the award of punitive damages in the amount of $550,000.00 in the instant case so excessive as to be the result of passion, prejudice, and caprice. I would therefore reverse the award of punitive damages and remand for a new trial on this issue only.

Affirmed in part; Reversed in part and Remanded.