22173

INSURANCE FINANCIAL SERVICES, INC., Respondent, v. The SOUTH CAROLINA INSURANCE COMPANY, Appellant, v. MAIN INSURANCE COMPANY, Gerald R. Callahan and Edward J. Harrington, Respondents.

(323 S. E. (2d) 515)

Supreme Court

*Charles H. Gibbs* and *John P. Linton, Sinkler, Gibbs & Simmons,* Charleston, *David W. Robinson, II, Robinson, McFadden, Moore, Pope & Stubbs,* and *Lanville H. Mengedoht* and *Bernard Manning,* Columbia, *for appellant.*

*David M. Ratchford* and *Charles F. Cooper, II, Ratchford & Cooper,* and *Donald E. Jonas, Jonas & Jonas,* Columbia, *for respondents.*

Heard Jan. 24, 1984.

Decided Oct. 25, 1984.

LITTLEJOHN, Chief Justice:

For a more full understanding of the issues involved in this opinion, one should first read the case of *Insurance Financial*

*Services, Inc. v. South Carolina Insurance Company, et al.,* Opinion No. 22129, filed in this Court on June 8, 1984. _____ S. C. _____ , 318 S. E. (2d) 10. Therein, we dealt with issues growing out of a cause of action asserted by the original Plaintiff against the original Defendant. We now proceed to deal with those questions relative to a counter-claim and cross-actions asserted by the original Defendant.

This action was originally commenced by the Plaintiff-Respondent, I.F.S., Inc., a local insurance agency, against the Defendant-Appellant, South Carolina Insurance Company, which engages in the business of issuing liability and kindred policies on automobiles. The action as commenced alleges wrongful cancellation of an agency contract in violation of Act No. 1177 of the General Assembly of 1974, now codified as Section 38-37-10 *et seq.* of the South Carolina Code. This code section eliminated the distinction between insureds and made it illegal to discriminate in rates, except as provided by the Insurance Commissioner, thus requiring automobile insurers, including the Insurance Company here, to establish a uniform rate structure. The contract between the local agency and the Insurance Company was entered into prior to the effective date of the Act. The Insurance Company cancelled, as permitted by the contract, the agreement after the Act became effective.

After the agreement was cancelled by the Insurance Company, the local agency upon commencement of this action in 1975 procured an injunction against the Insurance Company thereby forcing it to continue to write undesirable and unprofitable policies. In keeping with Code Section 15-55-60, it filed with the Court at first an injunction bond signed by Main Insurance Company and later one signed by Gerald R. Callahan and Edward J. Harrington. On November 27, 1978, this Court held in *Van Robinson Insurance Agency, Inc. v. Harleysville Mutual Insurance Company,* 272 S. C. 127, 249 S. E. (2d) 744 that an injunction was improper in cases such as this.

Travelers Insurance Company was also sued on the same theory by the local agency. Travelers settled with the local agency for $100,000 and was exonerated of any liability to the local agency. Settlement with Travelers had the effect of permitting the local agency to route additional unprofitable business to the Insurance Company.

In response to the original complaint as amended, the Insurance Company interpleaded Travelers, Main Insurance, Harrington, and Callahan for the purpose of filing a cross-action against them along with a counter-claim against the local agency. The gist of the counter-claim and cross-actions is the contention that Travelers conspired with the local agency, Callahan, and Harrington to "dump" unprofitable business upon it. It was further the contention of the Insurance Company that the local agency owed it substantial premiums and that the local agency, Main Insurance Company, Harrington, and Callahan fraudulently filed invalid injunction bonds with the Court. The Insurance Company seeks actual and punitive damages on each of its claims alleging also that it was required to write to its detriment undesirable policies formerly written by Travelers.

By agreement it was stipulated that the local agency's claim of wrongful cancellation on the one hand and the counter-claim and cross-actions on the other hand be severed for the purpose of the trial. The cancellation trial has been held and finalized by our previous opinion. The counterclaim and cross-actions remain to be adjudicated consistent with the views herein expressed.

In our other opinion referred to herein above, we held that no cause of action arose from cancellation of the agreement when the agreement was entered into prior to the effective date of the Act. It follows in the light of that opinion and in the light of *Van Robinson, supra,* that the injunction was at least debatably improper. The motion granted for summary judgment in favor of the local agency, Main Insurance, Callahan, and Harrington must be reversed.

It has been stipulated that the Insurance Company is entitled to judgment against the local agency in the amount of $82,295 for premiums owed and the judgment has been entered accordingly.

Inasmuch as we have held that there is no cause of action for cancellation of policies entered into before the effective date of the Act, it follows as a matter of law that Travelers was merely exercising a right reserved to it in cancelling its policy and that by entering into a settlement agreement, no liability was incurred by it.

We hold therefore that the trial judge correctly granted summary judgment in favor of Travelers. We also hold that he erred in granting summary judgment in favor of the local agency, Main Insurance, Harrington, and Callahan.

Accordingly, the case is remanded to the Court of Common Pleas for the purpose of permitting the Insurance Company to amend its pleadings in light of that which has taken place and in order to simplify the issues.

Reversed and remanded.

NESS and HARWELL, JJ., concur.

LEWIS, Acting Associate Justice (dissenting):

I would affirm the judgment under appeal and, therefore, dissent from so much of the majority opinion as impinges in any way upon that judgment.

GREGORY, Justice (dissenting):

Insofar as I am of the opinion that a cause of action does exist for the cancellation of policies entered into prior to the effective date of the Act, *Insurance Financial Services, Inc. v. South Carolina Insurance Company, et al.*, Opinion No. 22129, filed June 8, 1984, _____ S. C. _____ , 318 S. E. (2d) 10, I would affirm the decision of the lower court.