1305

MOORE-HUDSON OLDSMOBILE/GMC, INC., Respondent v. Billy WATERMAN, Jr., Appellant.

(378 S. E. (2d) 279)

Court of Appeals

*Frank A. Barton,* West Columbia, *for appellant.*

*J. Gregory Studemeyer,* Columbia, *for respondent.*

Heard Feb. 13, 1989.

Decided March 13, 1989.

CURETON, Judge:

This is an action for restitution. The trial court granted summary judgment to Moore-Hudson Oldsmobile/GMC. Waterman appeals. We reverse and remand.

Waterman went to Moore-Hudson to purchase a new truck. He executed a buyer's order on May 2, 1987, to purchase a 1988 GMC truck for $19,940. Waterman traded in his 1985 car and was allowed $7,152 as a trade-in value with a balance due of $4,671.74. He paid $1,500 in cash. With an addition for taxes the balance to finance shown on the buyer's order was $16,287.74. On the same day Waterman executed a retail installment sale contract. The contract was prepared by Moore-Hudson. Moore-Hudson failed to note the payoff for Waterman's car on the contract and showed the net trade-in value as $7,152.00. This figure was used in computing the monthly installment payments which totalled $306.84 per month for sixty months. The deal was struck and Waterman left with the new truck. Moore-Hudson alleged it discovered its error when it was required to satisfy the $4,671.74 encumbrance to obtain the certificate of title for Waterman's 1985 car. By affidavit, Waterman states he was contacted about the deficiency approximately one month after the purchase and was told his trade-in had been sold prior to Moore-Hudson contacting him. Waterman states he was not aware of the mistake in computation but would not have purchased the truck if his monthly payments were higher because the final decision depended on the monthly payments and Moore-Hudson knew about this concern.

Moore-Hudson sued Waterman for restitution. The trial court granted summary judgment to Moore-Hudson holding Waterman could not take advantage of Moore-Hudson's mistake and he was unjustly enriched. The trial court ordered restitution in the amount of $4,671.74.

In order for summary judgment to be granted no genuine issue of fact must be involved and the conclusions to be drawn from the facts must be undisputed. *Bowen v. U. S. Capital Corp.*, 295 S. C. 201, 367 S. E. (2d) 474 (Ct. App. 1988). The court must construe all ambiguities, conclusions, and inferences arising in and from the evidence most strongly against the moving party. *Butts v. AVX Corp.*, 292 S. C. 256, 355 S. E. (2d) 876 (Ct. App. 1987).

"Restitution is a remedy designed to prevent unjust
■ enrichment." *Stanley Smith & Sons v. Limestone College*, 283 S. C. 430, 434, 322 S. E. (2d) 474, 478 (Ct. App. 1984). In order to recover on a theory of restitution a plaintiff must demonstrate: (1) he conferred a nongratuitous benefit on the defendant; (2) the defendant realized some value from the benefit; and (3) it would be inequitable for the defendant to retain the benefit without paying the plaintiff its value. *Niggel Associates Inc. v. Polo's of North Myrtle Beach, Inc.*, 296 S. C. 530, 374 S. E. (2d) 507 (Ct. App. 1988); *Ellis v. Smith Grading and Paving, Inc.*, 294 S. C. 470, 366 S. E. (2d) 12 (Ct. App. 1988).

The affidavit of Waterman creates issues of fact
■ which make summary judgment inappropriate. "Whether restitution should be required is a question to be decided on the facts of each case." *Niggel*, 296 S. C. at 532, 374 S. E. (2d) at 509. The affidavit raises the inference Moore-Hudson sold Waterman's car before contacting him about the problem thereby defeating a potential remedy of recission of the contract and return to the status quo. Also, there is an inference Waterman stressed the importance of the monthly payment amount to Moore-Hudson in his buying decision. These matters impact upon the third element of the restitution theory as to whether it would be inequitable for Waterman to retain the benefit.

We reverse the decision of the trial court and remand the case. In doing so we also reverse and remand the trial court's decision on Waterman's counterclaim because Moore-Hudson made no motion for summary judgment as to it. We express no opinion on the merits of either the complaint or counterclaim.

Reversed and remanded.

SANDERS, C. J., and GARDNER, J., concur.