THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Kay P. Curry, Appellant,
v.
Andrew Manigault d/b/a Manigault Estate Corporation, LLC,
Respondent.
 
 
 

Appeal From Charleston County
 Mikell R. Scarborough, Master-In-Equity

Unpublished Opinion No. 2006-UP-377
Heard November 9, 2006  Filed November 21, 2006

REVERSED AND REMANDED

 
 
 
Mark W. McKnight, of Charleston, for Appellant.
Morris A. Ellison, of Charleston, for Respondent.
 
 
 

PER CURIAM: Kay Curry appeals the masters order dismissing her foreclosure action against Andrew Manigault, d/b/a Manigault Estate Corporation, LLC, and denying her unjust enrichment claim.  We reverse and remand.  
I.
In 1988, Manigault and his two brothers, Robert Manigault (Robert) and John Manigault (John), formed Awendaw Creek Associates (Partnership).  In 1993, the Partnership executed a promissory note (Note) with South Carolina National Bank (SNB) for $446,987.  The Note was secured by a mortgage on 123 acres of Partnership property (Mortgage), an assignment of contracts, and an assignment of leases, rents, and profits.  
In 1998, the Partnership and John Sanders (a financial backer) entered into a modification and extension agreement (Agreement) with SNBs successor in interest, Wachovia.  Under the Agreement, the Partnership and Sanders agreed to make quarterly payments of $17,092 to Wachovia until March 3, 2003, the Notes maturity date.  Manigault, Robert, John, and Sanders all agreed to guarantee payments on the Note.  
In 2001, Curry negotiated with Robert and John about purchasing Partnership property.[1]  Robert and John agreed to sell their portion of the Partnership property to Curry, but Andrew Manigault refused to sell his portion to her.  Consequently, on October 25, 2001, Curry purchased Roberts and Johns portion of the Partnership property, but not Andrew Manigaults.  Because Wachovia would not release any of the Partnership property from the Mortgage unless the Note was paid in full, Curry agreed to purchase the Note and release Robert, John, and Sanders from the Mortgage, but not Manigault, who would continue to owe his balance of the Note.  
On November 16, 2001, Wachovia sent David Chard, the attorney handling the transaction between Curry, Robert, and John, a message indicating $346,783 would payoff the Note.  Three days later, Chard sent Wachovia a check for $346,783.  Chard also sent Wachovia a letter stating the check represented the payoff of the Note.  The letter further provided, As soon as possible after processing the enclosed check, please forward to us the original Note and Mortgage marked Paid and Satisfied In Full in order that we may have the same cancelled of record.  Although Curry unquestionably paid off the Note, she never received from Wachovia the original Note nor any correspondence related to the original Note.  
On March 4, 2002, Wachovia executed an Assignment of Mortgage, which by its terms assigned and transferred the Note and Mortgage to Curry.  Curry then sought to foreclose the mortgage on Manigaults property, because Manigault did not pay Curry the amount she paid Wachovia for his share of the Notes balance.  The matter was referred to the master.  At trial, Curry attempted to admit into evidence a copy of the Note, but Manigault objected based on a specific provision of the Uniform Commercial Code (UCC).  The master sustained Manigaults objection.  Curry amended her pleadings, without objection, to include a claim for unjust enrichment.  In May 2005, the master dismissed Currys foreclosure action and denied her claim for unjust enrichment.  Curry appealed.  
II.
An action to recover under an unjust enrichment claim sounds in equity.  Columbia Wholesale Co. v. Scudder May, 312 S.C. 259, 261, 440 S.E.2d 129, 130 (1994).  In an appeal from a masters final judgment, this Court has the same standard of review as if the appeal had come from the circuit court without a jury.  Tiger, Inc. v. Fisher Agro, Inc., 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989).  In an action in equity tried by the judge alone, this Court can make findings of facts in accordance with our own view of the preponderance of the evidence. 
QHG of Lake City, Inc. v. McCutcheon, 360 S.C. 196, 202, 600 S.E.2d 105, 107 (Ct. App. 2004).
III.
Curry argues the master erred in denying her unjust enrichment claim.  We agree and find Curry is entitled to recover on her unjust enrichment claim.   
Unjust enrichment is an equitable doctrine, akin to restitution, which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff.  Ellis v. Smith Grading & Paving, Inc., 294 S.C. 470, 473, 366 S.E.2d 12, 14 (Ct. App. 1988).  To recover on a theory of restitution, the plaintiff must show: (1) he conferred a nongratuitous benefit on the defendant; (2) the defendant realized some value from the benefit; and (3) it would be inequitable for the defendant to retain the benefit without paying the plaintiff its value.  Moore-Hudson Oldsmobile/GMC, Inc. v. Waterman, 298 S.C. 107, 109, 378 S.E.2d 279, 280 (Ct. App. 1989).  Whether restitution should be required is a question to be decided on the facts of each case.  Niggel Assocs., Inc. v. Polos of N. Myrtle Beach, Inc., 296 S.C. 530, 532, 374 S.E.2d 507, 509 (Ct. App. 1988). 
The master held that because Curry paid off the Note she has no equitable remedy against Manigault.  The master stated, before [Curry] is entitled to claim restitution for unjust enrichment, she must prove that she acquired the right to payment from Defendant Manigault set forth in the Note.  This is an error of law.  The whole point of an unjust enrichment claim is to allow a plaintiff to recover for a benefit conferred to a defendant when that plaintiff lacked a contractual right against that defendant.  If Curry proved she acquired the right to payment from Defendant Manigaultthat is, if Curry established she had a contractual right to recover from Manigaultthen she would not (and could not) resort to equity in the first instance.  See Van Robinson Ins. Agency, Inc. v. Harleysville Mut. Ins. Co., 272 S.C. 127, 128-29, 249 S.E.2d 744, 745 (1978) (holding that equity will not intervene if appellant has an adequate remedy at law).  Therefore, the master erred in concluding Curry could not seek equitable relief because she lacked a valid legal claim. 
Moreover, based on our view of the facts of this case, we are firmly persuaded Curry is entitled to restitution from Manigault.  First, there is no doubt Curry conferred a nongratuitous benefit to Manigault when she paid off Manigaults portion of debt under the Note.  Second, because Manigault no longer owes Wachovia his portion of debt under the Note, Manigault realized value from Currys payoff.  Third, it would be entirely inequitable to allow Manigault to retain this benefit without paying Curry for paying off his portion of the debt.  
Although Manigault claims he had no idea Curry intended to pay off his portion of the debt under the Note and recover it later, the evidence suggests otherwise.  The record indicates Manigault was well aware of the October 2001 transaction between Curry and the Partnership.  Chard, the attorney who handled the closing, testified that he discussed the terms of the October 2001 closing with Manigault before the transaction occurred.  Ed Perkins, a listing agent on the Partnership property, testified that Manigault attended meetings between Curry, John, Robert, and Sanders quite a bit.  Ernest, Currys agent, testified that he, Manigault, John, and Robert held a meeting where Manigault personally choose the parcel he wanted on a plat of the Partnership property Curry intended to purchase.  Ernest also testified that Manigault was at the October 2001 closing.  The evidence clearly establishes that Manigault knew not only about Currys plan to purchase Partnership property (other than his share), but also her intent to pay off the Note and Mortgage.
IV.
We reverse and remand to the trial court to enter judgment against Manigault.  If required, the court shall conduct further proceedings to ascertain the precise amount due Curry.  The trial courts order is 
 REVERSED AND REMANDED.[2]
HEARN, C.J., KITTREDGE, and WILLIAMS, JJ., concur.

[1]  More specifically, Currys husband, Ernest, negotiated with Robert and John, but Ernest acted as Currys agent throughout the transaction at issue in this case.
[2]  In light of this disposition, we need not address Currys remaining issues.  Whiteside v. Cherokee County Sch. Dist. No. One, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993).